FILED
2005 Nov-22  PM 02:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION

ARLINGTON CAPITAL, LLC,        }
                               }
     Plaintiff,                }
                               }
v.                             }    CIVIL ACTION NO.
                               }    05-AR-1362-S
RAIL PARTNERS, L.P., et al.,   }
                               }
     Defendants.               }
```

### MEMORANDUM OPINION & ORDER

Before this court are the motion to compel of plaintiff, Arlington Capital, LLC ("Arlington"), and the motion to quash of defendants, Rail Partners, L.P. and Rail Management Corp. ("defendants"). For the reasons stated below, the motion to compel will be granted and the motion to quash will be denied.

### *Motion to Compel*

Arlington moves to compel responses to certain discovery requests. Defendants argue that the motion to compel should be denied because the material as to which Arlington seeks discovery is only relevant to a claim of *quantum meruit*, and such a claim is untenable under Alabama law when, as here, the parties have signed a written contract. This attack on the merits of Arlington's *quantum meruit* claim is the crux of defendants' response. Such an attack must await a Rule 56 motion.

In reply, Arlington ignores the *quantum meruit* issue. Instead, it presents arguments in support of its second cause of

action, its breach of contract claim.  Arlington contends that the parties entered into an oral fee agreement, or an amendment to their written contract, after the written contract was signed. It cites both Florida and Alabama case law in support of the proposition that oral agreements made subsequent to written contracts are enforceable.  This is sufficient to convince the court that discovery should proceed, and that defendants' responses to Arlington's discovery requests are inadequate.

Some of the requested discovery materials are only relevant to the issue of the valuation of Arlington's services.  Valuation is, of course, central to a *quantum meruit* claim.  But even if defendants are correct and Arlington's *quantum meruit* claim cannot stand, valuation would be relevant on the contract claim. Arlington alleges that defendants orally committed to "take care of [Arlington's] compensation" by "fairly compensating" Arlington.  What is meant by "fair compensation" is critical both on the question of whether a breach of contract occurred and on the possible calculation of damages.  Thus, issues of valuation could feature prominently in both analyses.

This court will direct defendants to provide all information requested in Interrogatory No. 6, Interrogatory No. 8, Request for Production No. 1, Request for Production No. 3, Request for Production No. 5, Request for Production No. 8, Request for Production No. 12, Request for Production No. 17 and Request for Production No. 18.

Arlington's other discovery requests seek relevant material or appear reasonably calculated to lead to the discovery of admissible evidence, as required by Fed. R. Civ. Pro. 26. Therefore, this court will direct defendants to provide all information requested in Interrogatory No. 5, Request for Production No. 2, Request for Production No. 4 and Request for Production No. 19.

### *Motion to Quash*

Similarly, the subpoena issued by Arlington to defendants' accounting firm, Sellers, Richardson, Watson, Haley & Logan, LLP, comports with the requirements of Rule 26.  The accounting firm has made no objection.  As a result, and because no privilege analagous to attorney-client privilege bars the discovery of communications between an accounting firm and its clients, *Couch v. U.S.*, 409 U.S. 322, 335, 93 S. Ct. 611, 619 (1973) ("no confidential accountant-client privilege exists under federal law, and no state-created privilege has been recognized in federal cases"), the motion to quash will be denied.

### *Conclusion*

In accordance with the foregoing analysis, Arlington's motion to compel is hereby GRANTED, and defendants are ORDERED within 14 days to provide Arlington with all information requested in Interrogatories Nos. 5, 6, and 8 and Requests for

Production Nos. 1, 2, 3, 4, 5, 8, 12, 17, 18, and 19.

Defendants' motion to quash is DENIED.

DONE this 22nd day of November, 2005.

```
_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE
```