```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

ARLINGTON CAPITAL, LLC,          }
                                 }
    Plaintiff,                   }
                                 }    CIVIL ACTION NO.
v.                               }    05-AR-1362-S
                                 }
RAIL PARTNERS, L.P., et al.,     }
                                 }
    Defendants.                  }

## MEMORANDUM OPINION

Before this court is the motion of newly added defendants, K. Earl Durden ("Earl Durden"), Michael E. Durden ("Michael Durden"), and D. Scott Helms ("Helms"), to dismiss. For the reasons that follow, the motion is due to be denied.

*Analysis*

The motion alleges improper service of process, lack of *in personam* jurisdiction, and failure to state a claim. At a hearing on February 27, 2006, defense counsel conceded either that the three individual defendants were properly served, or they waive the issue. Thus, only the latter two issues remain.

The first question is whether this court has personal jurisdiction over these three individuals. "A federal court sitting in diversity may exercise jurisdiction over a nonresident defendant to the same extent as a court of that state. Alabama permits its courts to exercise jurisdiction over nonresidents to the fullest extent allowed under the Due Process Clause of the

Fourteenth Amendment to the Constitution." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355 (11th Cir. 2000)(internal citations omitted); Ala. R. Civ. Pro 4.2(a)(2)(I).  "The Due Process Clause permits a court to summon a nonresident to defend himself in the forum so long as that person has some 'minimum contacts' with the state, and the exercise of personal jurisdiction over the defendant would not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Inat'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 152, 158 (1945)).

A court has specific personal jurisdiction over a defendant when "the defendant has purposefully directed his activities at residents of the forum...and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 486, 105 S. Ct. 2174 (1985)(internal quotations omitted).  Personal jurisdiction can result from a single purposeful act, so long as the act establishes a "substantial connection" with the forum state.  *McGee v. Inat'l Life Ins. Co.*, 355 U.S. 220, 223, 78 S. Ct. 199 (1957); 16 *Moore's Federal Practice* § 108.42[2][b] (Matthew Bender 3d ed.); *Brown v. Astron Enters., Inc.*, 989 F. Supp. 1399, 1404 (N.D. Ala. 1997)("Even a single act may suffice as 'minimum contacts' under certain circumstances."  However, defendant's contacts must "arise from, or [be] directly related

2

to, the cause of action"). *McGee* involved an insurance contract where "the contract was delivered in California, the premiums were mailed from there, and the insured was a resident of the State." *McGee*, 355 U.S. at 223. This was enough to establish a "substantial connection" to California and to give the state a "manifest interest in providing effective means of redress for its residents when their insurers fail to pay claims." *Id.* *Brown* involved an out-of-state defendant that had rented an airplane to a student pilot whose pre-filed flight plan included a flight into Alabama. *Brown*, 989 F. Supp. at 1399. After the pilot crashed into the plaintiff's house, the court found sufficient minimum contacts and purposeful direction to establish personal jurisdiction over the rental agency. *Id.*

In light of *McGee* and *Brown*, it is apparent that the two defendant firms have sufficient minimum contacts arising from their alleged October 2004 agreement to provide financial services to plaintiff, a Birmingham firm, to satisfy due process. In fact, no challenge to this court's personal jurisdiction over the firms has been raised. While personal jurisdiction over the individual defendants may be slightly more attenuated, they too have sufficient contacts with Alabama so that the court's exercise of personal jurisdiction over them does not offend due process. The individuals' visit to Alabama to meet with representatives of plaintiff, Arlington Capital, LLC

("Arlington"), and another firm was a single purposeful act sufficient to create a substantial connection with Alabama and to satisfy due process.  This meeting involved discussions between the individual defendants, representatives of Arlington, and representatives of Berkshire Partners ("Berkshire"), a prospective purchaser of Rail Partners, about the adequacy of Berkshire's bid.  This is directly related to the causes of action at issue here, which center on Arlington's efforts to find a third-party buyer for Rail Partners.  While this relationship between the individual defendants' purposeful conduct and Arlington's claims would alone be enough to establish minimum contacts, several of Arlington's claims arise directly from statements made at an encounter before the meeting in the lobby of the Embassy Suites hotel in Birmingham.  Helms allegedly assured Vann Russell, an Arlington representative, in the presence of Michael Durden and with the acquiescence of Earl Durden,[1] that if Rail Partners were to complete a transaction with another buyer, "we'll take care of you."  This allegation directly underlies several of Arlington's claims and, at this stage in the proceedings, it must be taken as true.  Because Arlington's claims arise from this statement, it provides an

---

[1] The allegation that Earl Durden acquiesced is somewhat confusing because Vann Russell apparently misspoke in his deposition when he said that "Scott [Helms] stated to me then and in the presence of Mike Durden and Joel Branum that he had had a chance to talk to Mike and Scott on the phone."  Russell Deposition Transcript, at 154.  From the context, the court interprets Russell's statement to mean that Helms had spoken to Michael Durden and Earl Durden on the phone.

4

additional basis for the court's personal jurisdiction over Scott Helms and Michael and Earl Durden.

The second question the court must address is whether Arlington's amended complaint states a claim upon which relief can be granted against the individual defendants.  The motion to dismiss invokes a six-part test for promissory fraud and, attempting to apply this test, claims that there is no misrepresentation of a material fact, no allegation that defendants' had the requisite intent, and no justifiable reliance.

By invoking the six-part test, the individual defendants raise the somewhat complicated question of whether, to prevail, Arlington's claims for fraudulent misrepresentation and suppression must meet the additional intent elements of promissory fraud.  *See Padgett v. Hughes*, 535 So.2d 140, 142 (Ala. 1988) (promissory fraud is distinct from fraud in that it involves "a promise to act or not to act in the future" and requires two additional intent elements, the intent not to perform the promised act at the time of the promise and the intent to deceive).  Because this issue has not been thoroughly briefed, with Arlington having only two days to draft its response brief, the court declines to decide this issue now.  But it does note that the fact that Arlington pleaded fraud, rather than promissory fraud, is not grounds for dismissal of the claim.

5

*See Warranty Corp., Inc. v. Hans*, No. 98-0889-S, 1999 U.S. Dist. LEXIS 18344 (S.D. Ala. 1999) (treating a counterclaim for fraudulent misrepresentation as a counterclaim for promissory fraud).  In any event, the amended complaint properly alleges each of the required intent elements for promissory estoppel.  In fact, the amended complaint properly alleges all of the required elements for fraudulent suppression, fraudulent misrepresentation, and promissory fraud.  It describes multiple material facts that it alleges were misrepresented or suppressed, and multiple ways in which Arlington relied on these misrepresented or suppressed facts to its detriment.  Thus, despite the individual defendants' claims to the contrary, the complaint states a cause of action upon which relief can be granted.

*Conclusion*

For the above reasons, the motion to dismiss will be denied.  DONE this 6th day of March, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE